GRAY & BARASH, Inc., v. LUCKENBACH
S. S. CO. et al.

(Circuit Court of Appeals, Ninth Circuit.
October 12, 1925.)

No. 4404.

Appeal and error ⊂⊃1011(1)—Findings on conflicting testimony not disturbed.

Findings of trial court on conflicting evidence will not be disturbed on appeal, except for plain and manifest error.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Libel by Gray & Barash, Inc., against the Luckenbach Steamship Company, wherein the International Stevedoring Company was brought in as party defendant on petition of the Steamship Company. From a decree dismissing the libel, libelant appeals. Affirmed.

Palmer & Askran and Murphy & Kumm, all of Seattle, Wash., for appellant.

Chas. F. Munday, of Seattle, Wash., for appellee International Stevedoring Co.

Bronson, Robinson & Jones, of Seattle, Wash., and Andros, Hengstler & Dorr, of San Francisco, Cal., for appellee Luckenbach S. S. Co.

Before GILBERT, RUDKIN, and McCAMANT, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from a decree dismissing a libel in admiralty. Briefly stated, the facts are as follows:

In October, 1922, the appellant purchased one 1,250-kilowatt General Electric steam turbo generator and base from the Tiffany Electric Company, of New Haven, Conn. It then arranged with the respondent, Luckenbach Steamship Company, to carry the generator and base by water from the port of Philadelphia to the port of Seattle. The generator and base were incased in a substantial wooden crate, and for the purpose of handling and loading the seller, at the instance of the buyer, placed two substantial wire cables around the crate, of sufficient strength to lift and handle it. These cables were fastened by lapping and doubling back and fastening the ends by means of U-shaped clamps. The clamps were threaded on the end, and the cable held in place and tightened by means of nuts screwed down over a movable bar. The crate was loaded onto the train at New Haven, and removed from the train to the dock, and from the dock to the vessel at Philadelphia, by means of these cables. Upon arrival of the vessel at Seattle, the cables were again used by the stevedoring company in unloading from the vessel, but when the crate was raised to a distance of about 10 feet from the hold one of the cables slipped through the clamp and the crate fell to the bottom of the vessel, causing damage to the amount of upwards of $3,000.

The appellant thereupon filed its libel against the steamship company to recover the damages thus sustained, charging two grounds of negligence: First, failure and neglect to use safe and sufficient appliances; and, second, failure and neglect to tighten the clamps used in fastening the cables and to keep them tight. The stevedoring company was later brought in on petition of the steamship company. On the final hearing the court below found that the cables placed around the crate containing the generator and base were used in unloading at Seattle at the instance and request of the appellant, and that the stevedoring company exercised due care and caution in their use. These findings are supported by competent testimony, and the rule is universal that findings of the trial court, based on conflicting testimony taken in open court, will not be disturbed on appeal, except for plain and manifest error.

A careful examination of the record in this case discloses no such error, and the decree is therefore affirmed.